FIRST NATIONAL BANK OF GLENS FALLS, N. Y., Respondent, v. SAMUEL HEMLEY, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, entered in Warren county, directing the defendant specifically to perform a written contract for the purchase of real property from the plaintiff, the First National Bank of Glens Falls, N. Y. The contract provided that a deed was to convey the property " free and clear of all encumbrances, excepting restrictions as of record " for the sum of $2,400; $100 at the time the offer was made, $400 upon conveying title within thirty days, and $1,900 in a mortgage with interest at six per cent amortized yearly in the amount of $300. Defendant paid the plaintiff $100. Time for completing performance was extended until the 16th of November, 1936, on which day the plaintiff tendered to the defendant a deed of said premises and demanded fulfillment of the contract. The defendant refused to accept the deed because it did not comply with the terms of the agreement on three grounds: *First*, the existence of a right or easement of laying and maintaining a water pipe; *second*, the existence of a right or privilege to certain lots for the passing or repassing on foot over a portion of said premises; *third*, the existence of a right of way for all purposes over a strip of land twenty feet wide extending across the northwesterly end of said premises. Upon these objections the defendant notified the plaintiff that he refused to carry out his contract and rescinded the same and demanded the return of the $100. The defendant went to the office of Robert W. Leavitt in Lake George, a real estate broker, looking for property on Lake George. Mr. Leavitt took him out and looked at the property in question. They were on the premises a half hour. The defendant was informed by Leavitt that a roadway was a right of way over certain lots and also mentioned about the water pipe. The defendant asked Leavitt if there were any restrictions on the lot and Leavitt said " Yes," and suggested that they go to the county clerk's office and look at the records. They went to the county clerk's office and examined the book that described the lot in question, and which contained the restrictions. Defendant's contract provided that the plaintiff should transfer the premises by warranty deed, free and clear from all incumbrances excepting restrictions as of record. This contract was made after the deed had been examined in the county clerk's office. Careful examination of the evidence supports the judgment. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.